**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Charles Glenn


        v.                                    Civil No. 06-cv-99-PB


Hillsborough County Department
of Corrections, et al.


                        **O R D E R**


        Before the Court is Charles Glenn's *pro se* and *in forma
pauperis* complaint brought pursuant to 42 U.S.C. § 1983.  Glenn
alleges that the defendants, the Hillsborough County Department
of Corrections ("HCDC"), and numerous employees of the HCDC, the
New Hampshire State Prison ("NHSP"), and the Office of the New
Hampshire Attorney General have violated his federal and state
constitutional rights to due process, adequate medical and mental
health care, exercise, privacy, sufficient food, humane prison
conditions, equal protection, and to not be subjected to illegal
search and seizure.  The matter is before this Court for
preliminary review to determine, among other things, whether the
complaint states any claim upon which relief might be granted.
See United States District Court for the District of New
Hampshire Local Rule ("LR") 4.3(d)(2).  Because I find that the

complaint does not at this time state any claim upon which relief might be granted, I order Glenn to amend his complaint to demonstrate whether and to what extent he has exhausted each of the claims raised in this action.

Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district judge whether the action, or any portion thereof, should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that

2

if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled." <u>Ahmed
v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert. denied</u>,
<u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions
made by the petitioner and inferences reasonably drawn therefrom
must be accepted as true.  <u>See</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard
of review and explaining that all "well-pleaded factual
averments," not bald assertions, must be accepted as true).  This
review ensures that *pro se* pleadings are given fair and
meaningful consideration.  <u>See</u> <u>Eveland v. Dir. of C.I.A.</u>, 843
F.2d 46, 49 (1st Cir. 1988).

<u>Discussion</u>

To the extent that plaintiff seeks redress for alleged
violations of his constitutional rights by any individual state
or county agency or employee, he attempts to state a claim under
42 U.S.C. § 1983, which creates a cause of action against those
who, acting under color of state law, deprive individuals of "any
rights, privileges or immunities secured by the Constitution and
laws" of the United States.  <u>See</u> 42 U.S.C. § 1983; <u>Parratt v.</u>

Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by
Daniels v. Williams, 474 U.S. 327 (1986); Rodriguez-Cirilo v.
Garcia, 115 F.3d 50, 52 (1st Cir. 1997).

An action brought pursuant to § 1983 alleging a violation of
constitutional rights based on prison conditions must be
exhausted through a prison's administrative grievance procedures
prior to the filing of the action:

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or
> any other Federal law, by a prisoner confined in
> any jail, prison, or other correctional facility
> until such administrative remedies as are
> available are exhausted.

42 U.S.C. § 1997e(a).  This exhaustion requirement "applies to
all inmate suits about prison life, whether they involve general
circumstances or particular episodes."  See Porter v. Nussle, 534
U.S. 516, 532 (2002).

The adequacy of the prison grievance procedures available to
an inmate to address his specific claims is not relevant to the
question of exhaustion.  Exhaustion through prison administrative
grievance procedures is required even if some or all of the
relief desired by the inmate is not available through that
process.  Booth v. Churner, 532 U.S. 731, 734 (2001).  "There is
no 'futility exception' to the . . . exhaustion requirement."

4

Medina-Claudio v. Rodrgiguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002).

If any grievance procedures exist at any of the defendant institutions, the plaintiff must utilize them before filing an action in this court, regardless of the ability of that process to provide the relief he seeks.  Acosta v. U.S. Marshals Serv., ___ F.3d ___, 2006 WL 1008047 *4 (1st Cir. 2006); (citing Medina-Claudio, 292 F.3d at 36 for the proposition that § 1997e(a) "clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement.  Exhaustion subsequent to the filing of suit will not suffice.")); see also Dullen v. Cheshire County, Civ. No. 05-cv-139-PB; 2006 WL 995131 *3 (D.N.H. Apr. 14, 2006); 2006 DNH 44 *3.

Glenn initially filed his complaint on March 14, 2006.  In that complaint, Glenn states that at least some of the violations he alleges were ongoing and continued until the time of his filing.  It appears, therefore, that at least as to the violations alleged to have occurred at the time of filing, that Glenn could not have had time to exhaust those claims through the HCDC or NHSP's administrative grievance procedures prior to filing this action.  Further, Glenn's complaint makes no mention

5

of any effort at pursuing the administrative grievance procedures available at either the HCDC or the NHSP.  It is not clear on the face of the complaint, therefore, that plaintiff has made any attempt to exhaust the administrative grievance procedures available to him prior to filing suit for the claims raised in the complaint.  However, the complaint does not exclude the possibility that Glenn may have exhausted some of the claims raised in his complaint.

Because it is not clear on the face of the complaint whether or not plaintiff has exhausted the administrative grievance procedures available for any of the claims raised in his complaint, I direct plaintiff to amend his complaint within thirty days of the date of this Order to demonstrate, with specificity, for each claim raised in the complaint, whether and to what extent that claim has been exhausted through the administrative grievance process.  If plaintiff cannot demonstrate exhaustion for any or all of the claims raised, I will recommend to the District Judge that any claim not exhausted be dismissed without prejudice to refiling after those claims are properly exhausted through prison grievance procedures.  See 42 U.S.C. § 1997e(c)(1) (requiring the Court to dismiss a prison

conditions action *sua sponte* if the Court is satisfied that the plaintiff has failed to state a claim upon which relief might be granted)[1]; LR 4.3(d)(2)(A).

        **SO ORDERED.**

                                  James R. Muirhead
                                  United States Magistrate Judge

Date:      May 4, 2006

cc:        Charles Glenn, *pro se*

---

[1]At least one federal appeals court has found that the failure to allege exhaustion in the complaint does not constitute failure to state a claim, as the prisoner bears no obligation to plead exhaustion. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005).  The <u>Anderson</u> Court held, however, that a reviewing court may raise the exhaustion issue *sua sponte* where, the plaintiff inmate is given a chance to respond prior to the case being dismissed.  <u>Id.</u> at 682-83.