**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Charles Glenn


        v.                                          Civil No. 06-cv-99-PB


Hillsborough County Department
of Corrections, et al.[1]


**O R D E R**


    Before the Court is Charles Glenn's pro se and in forma

pauperis complaint brought pursuant to 42 U.S.C. § 1983.  Glenn

alleges that while he was incarcerated at the Hillsborough County

_____

    [1]Glenn has named the following defendants to this action:
the Hillsborough County Department of Corrections ("HCDC"), HCDC
Superintendent James O'Mara, HCDC Capt. David Dionne, HCDC Capt.
Dempsey, first name unknown ("FNU"), HCDC Capt. FNU Cusson, HCDC
Sgt. Todd Gordon, HCDC Lt. FNU Cunningham, HCDC Director of
Security Bonnie Ives, HCDC Classification Officer William
Raymond, HCDC Nurse Denise Hartley, HCDC Dr. FNU Harris, HCDC Dr.
FNU Ward, HCDC Lt. FNU Gidarokas, HCDC Lt. FNU Scurry, HCDC Lt.
FNU Martano, HCDC Health Services Administrator Barbara Condant,
HCDC Lt. FNU Robinson, HCDC Lt. FNU Hico, HCDC Officer FNU
Archambault, HCDC Officer Roger Copp, New Hampshire State Prison
("NHSP") Warden Bruce Cattell, NHSP employee Joel Dinsmore, NHSP
Sgt. FNU Smith, NHSP Sgt. FNU Morrin, NHSP Lt. FNU Moquin, New
Hampshire Attorney General Kelly Ayotte, Assistant New Hampshire
Attorney General Karen Huntress, Assistant New Hampshire Attorney
General Charles O'Keefe, and Assistant New Hampshire Attorney
General Mark Brown.  Glenn has named all of the individual
defendants to this action in both their individual and official
capacities.

Department of Corrections ("HCDC") and the New Hampshire State
Prison ("NHSP"), he was subjected to conditions of confinement
that violated his federal constitutional rights.  The matter is
before this Court for preliminary review to determine, among
other things, whether the complaint states any claim upon which
relief might be granted.  See United States District Court for
the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

As explained fully in a Report and Recommendation issued
simultaneously with this Order, and without commenting on the
merits of the complaint, I find that Glenn has alleged four
claims upon which relief might be granted: (1) that Glenn was
subjected to unconstitutionally punitive conditions of
confinement as a pretrial detainee, (2) that he was denied
adequate food, (3) that he was denied adequate care for his
serious mental health needs, and (4) that he was denied his right
to speak and to petition the government for a redress of
grievances.[2]  I direct that these claims be served against
defendants Cusson, Archambault, Dempsey, Ives, Dionne, Gordon,
Copp, Scurry, Ward, Harris, Condont, Hartley and O'Mara.

---

[2]These claims are numbered 12-15 in the Report and
Recommendation issued this date.

My review of the file indicates that Glenn has filed two summons forms, each listing multiple defendants to this action. However, plaintiff must prepare a separate summons form for each defendant to be served, and no such individual forms have been prepared and submitted by Glenn.  Therefore, Glenn shall prepare summonses for each defendant named herein and submit them to the Clerk's office within thirty (30) days of the date of this order. Upon receipt of the completed summonses, the Clerk's office shall issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint, as well as Glenn's other substantive pleadings (document nos. 1, 5 & 6)[3], the Report and Recommendation issued simultaneously with this Order, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

---

[3]The complaint, motion to amend complaint and amended complaint will be considered, in the aggregate, to be the complaint in this matter for all purposes.

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 3, 2006

cc:   Charles Glenn, pro se